UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
FILED AUG - 8 2011
Clerk, U.S. District and Bankruptcy Courts

Demetrius Jones, Jr., )
)
Petitioner, )
)
v. ) Civil Action No. 11 1431
)
Simon Wainwright, )
)
Respondent. )

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on petitioner's application for a writ of habeas corpus, accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner is a prisoner at the District of Columbia Jail, challenging his conviction entered by the Superior Court of the District of Columbia following a jury trial. Petitioner claims that he was denied the effective assistance of counsel at trial and challenges the jury instructions. *See* Pet. at 5-6.

It is established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum," *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted). Under District of Columbia law,

[an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to

apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). Petitioner unsuccessfully sought relief on direct appeal and under § 23-110, *see* Pet. at 3, but his lack of success in the District of Columbia courts does not alone render the local remedy inadequate or ineffective. *See Garris v. Lindsay*, 794 F.2d at 727; *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases). Hence, this Court, lacking authority to entertain petitioner's habeas petition, will dismiss the case. A separate Order accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: August 1, 2011